This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEANNA VILLANUEVA,**

     Petitioner-Appellee,

v.                                                                                            **NO. 31,153**

**ALEJANDRO VILLANUEVA**,

     Respondent-Appellee,

v.

**STATE OF NEW MEXICO, ex rel.,**
**HUMAN SERVICES DEPARTMENT,**

     Intervenor-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Henry R. Quintero, District Judge**

Deanna Villanueva
Silver City, NM

Pro Se Appellee

Alejandro Villanueva
Las Cruces, NM

Pro Se Appellee

Human Services Department

Child Support Enforcement Division
Mary Elizabeth Price, Special Assistant Attorney General

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

The Human Services Department (HSD) is appealing from a district court arrears judgment awarding both Petitioner Deanna Villanueva and HSD back child support. We issued a calendar notice proposing to affirm. HSD has filed a timely memorandum in opposition. [Ct. App. File at blue clip]   Father has filed a pro se memorandum in support of our calendar notice. We affirm.

The district court determined that Respondent Alejandro Villanueva was in child support arrears and must reimburse HSD in an amount that reflected public assistance benefits paid to Petitioner. [RP 238-39] The district court also terminated Respondent's obligation to pay additional child support. [RP 239] In this appeal, HSD is challenging the termination of the support obligation. *See* NMSA 1978, § 27-2-27(A) (2004). In its order on HSD's motion for new trial, the district court found that Petitioner had moved to Arizona in early 2011, and that under the circumstances, HSD's proper response would be to terminate any further public assistance benefits to Petitioner. [RP 250-51] Given the court's factual findings, which were, in effect, a determination of non-residency, Petitioner would no longer be entitled to public

assistance. *See* NMSA 1978, § 27-2-4(F) (1975) (stating that recipient must be a resident of New Mexico). Accordingly, our calendar notice proposed to affirm the court's ruling that HSD would no longer be able to enforce child support under Section 27-2-27(A).

In its memorandum in opposition, HSD continues to make factual assertions with respect to Petitioner's eligibility for public assistance and payments that had been paid out subsequent to the court's ruling. HSD correctly sets forth its legal authority to pursue reimbursement for public assistance payments. We do not deem it necessary to resolve the issue of additional public assistance benefits that may have been made and may permit reimbursement here. As we stated in our calendar notice, HSD may use these payments as a basis for seeking reimbursement in a separate action. To the extent that the district court terminated Respondent's child support obligation, we believe that this was directed to specific circumstances that existed at that time and would not prevent HSD from using its legal authority to seek reimbursement in a separate action. In short, we do not believe that the order appealed from prevents HSD from responding to events as they play out. It is better procedurally to create an evidentiary record in a separate proceeding than to play out this independent action for each change in circumstances.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**MICHAEL E. VIGIL, Judge**